# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOE NATHAN JAMES, JR., Z-610, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 21-0450-CG-MU |
| TERRY RAYBON, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Joe Nathan James, an Alabama death-row inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 against Terry Raybon and Jefferson S. Dunn. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful consideration, it is recommended that pursuant to 28 U.S.C. § 1915(e)(2)(B), prior to service of process, the deprivation of property claim against Defendant Raybon be dismissed with prejudice as frivolous, the claim against Defendant Dunn be dismissed with prejudice as frivolous, and the denial of access to courts claim against Defendant Raybon be dismissed for failure to state a claim upon which relief can be granted. It is further recommended that this action be dismissed in its entirety.

### I. Complaint. (Doc. 1)

Plaintiff alleges that while he was attending court in Jefferson County, Alabama, from March 28, 2021 until July 7, 2021, Defendant Raybon ordered that all his property in his locked death-row cell be thrown away. (*Id.* at 4, PageID.4). Plaintiff maintains

that this has "interfered with [his] ability to continue [his] pursu[it of] [his] appeal in [his] capital case[,]" which has denied him access to the courts. (*Id.* at 4-5, PageID.4-5). Plaintiff states that he filed a claim with the Alabama Board of Adjustment, which denied his claim because he "overvalued [his] law books, transcripts, legal material, personal [e]ffects[,] and other property, such as clothing, shoes and religious material." (*Id.* at 4, PageID.4). He further alleges that Defendant Dunn created an atmosphere where his property could be destroyed and his access to courts could be hindered. (*Id.* at 5, PageID.5). For relief, Plaintiff seeks an order finding that his access to courts has been hindered and requiring Defendants to pay him $6,400.00. (*Id.* at 7, PageID.7).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Analysis.

**A. Deprivation of Property.**

To state a claim under § 1983, a plaintiff must demonstrate a violation of his "rights, privileges, or immunities secured by the Constitution or laws of the United

States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). The right implicated by the deprivation of property is the denial of due process of law as provided by the Fourteenth Amendment. *Holt v. Givens,* 757 F. App'x 915, 921 (11th Cir. 2018). The Fourteenth Amendment protects against deprivations of life, liberty, or property by a State without due process of law. *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). However, "[n]othing in [the Fourteenth Amendment] protects against all deprivations of life, liberty, or property by the State. [It] protects only against deprivations without due process of law." *Parratt*, 451 U.S. at 537, 101 S.Ct. at 1914 (quotation marks omitted).

A deprivation of property that is the result of a state employee's lack due care or negligence does not violate the Fourteenth Amendment. *Daniels v. Williams*, 474 U.S. at 333, 106 S.Ct. at 666. And "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 532, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984). When a pre-deprivation hearing is impractical due to the "random, unauthorized act by a state employee," a post-deprivation remedy satisfies due process because it is impossible for the State to know beforehand of the deprivation. *Id.* Some post-deprivation remedies that have satisfied due process are administrative procedures, *Parratt*, 451 U.S. at 543-44, 101 S.Ct. at 1917, or ordinary state tort litigation procedures, *Hudson*, 468 U.S. at 535, 104 S.Ct. at 3204.

In the present action, Defendant Raybon ordered that Plaintiff's property in his cell be thrown away while Plaintiff was attending court elsewhere. This intentional act of depriving Plaintiff of his property appears to be random and unauthorized of which the State had no knowledge and for which a pre-deprivation hearing was impractical. Therefore, for this deprivation to be reviewable in this Court, Plaintiff must establish that an adequate post-deprivation procedure was not available to him at the time of the deprivation. *Tinney v. Shores*, 77 F.3d 378, 382 n.1 (11th Cir. 1996). Plaintiff cannot make this showing because he advised that he used a post-deprivation administrative procedure when he filed a claim with the Alabama Board of Adjustment, which is recognized as an adequate post-deprivation remedy.

Courts have recognized that Alabama law provides adequate post-deprivation remedies for the loss of property caused by state officials through the Board of Adjustment and in an ordinary state-court tort action. *Smith v. Governor of Ala.,* 562 F. App'x 806, 817-18 (11th Cir. 2014) (holding that the Alabama Board of Adjustments, Ala. Code § 41-9-60, *et seq.*, provides a meaningful post-deprivation remedy through which a state inmate may seek relief for the loss or denial of property even though a recovery may not be the equivalent of a § 1983 action); *Holt,* 757 F. App'x at 922 (same); *Dawson v. City of Montgomery*, 2008 WL 659800, at *8 (M.D. Ala. 2008) (unpublished) (finding that Alabama's conversion statute, Alabama Code § 6-5-260 (1975), is an adequate post-deprivation remedy); *Browning v. City of Wedowee, Ala.*, 883 F. Supp. 618, 623 (M.D. Ala. 1995) (finding that the taking of property by the sheriff and deputies may be addressed in tort pursuant to Alabama Code § 6-5-260 or by filing a claim with the Alabama Board of Adjustment pursuant to Alabama Code §§ 41-9-60,

5

*et seq*.); *Milton v. Espey*, 356 So.2d 1201, 1203 (Ala. 1978) (finding that a state employee may be personally liable to an inmate in an ordinary, state-court tort action). The post-deprivation remedy does not need to be available to Plaintiff at the present time to determine whether the deprivation was with or without due process. *See Parratt*, 451 U.S. at 543-44, 101 S.Ct. at 1917. It is only required that an adequate post-deprivation remedy be available when the deprivation occurred. *Id.* Because an adequate post-deprivation remedy was available, Plaintiff's deprivation of his property was not without due process. Accordingly, Plaintiff's § 1983 claim for deprivation of property without due process is frivolous and is due to be dismissed with prejudice. *Jackson v. Hill*, 569 F. App'x 697, 698 (11th Cir. 2014) (dismissing a deprivation of property claim as frivolous because the inmate had a conversion action available under Florida law).

### B. Denial of Access to Courts.

Plaintiff's other claim is for denial of access to courts due to the deprivation of his legal materials which has interfered with his ability to pursue his appeal in his capital case.[1] Plaintiff did not identify his capital case in the complaint. A search of PACER (Public Access to Court Electronic Record) reflects that Plaintiff filed an unsuccessful petition for the writ of habeas corpus challenging his June 17, 1999 capital murder

---

[1] The Court notes near the time Plaintiff filed this action on October 12, 2021, he also filed *James v. Raybon*, CA 21-0437-CG-MU (S.D. Ala. pending) (a § 1983 action challenging conditions in death-row cells) on October 6, 2021, and *James v. Marshall*, CA 21-0453-CG-MU (S.D. Ala. pending) (a § 1983 action seeking to restore his claims and appeals that were affected by the State's improper use of opt-in procedures in his habeas action and to have issued a moratorium on executions) on October 15, 2021. Subsequently, Plaintiff filed *James v. Jefferson County*, CA 22-0033-CG-MU (S.D. Ala. pending) (a § 1983 action seeking a declaratory judgment that further punishment of him is unconstitutional and an injunction prohibiting defendants "from causing his death") on January 27, 2022. It is evident that Plaintiff's access to filing actions in this Court has not been impeded.

conviction from Jefferson County, Alabama, and its related death sentence.[2] *James v. Culliver,* 2:10-cv-02929-CLS-HGD, 2014 WL 4926178 (N.D. Ala. 2014) (unpublished), *aff'd*, *James v. Warden, Holman Corr. Facility,* 957 F.3d 1184 (11th Cir. 2020), *cert. denied*, 141 S.Ct. 1463 (Mar. 1, 2021). According to Westlaw, over the years there have been at least twelve proceedings concerning Plaintiff's capital murder conviction in state and federal, commencing with *James v. State*, 723 So.2d 786 (Ala. 1998). Moreover, Plaintiff was represented by counsel in all his habeas proceedings in federal court, which culminated in the denial of the writ of certiorari on March 1, 2021 by the U.S. Supreme Court, *supra*. *See James v. Culliver,* 2:10-cv-02929-CLS-HGD (Doc. 1, habeas petition, through Doc. 45, notice of appeal); *James v. Warden*, 957 F.3d at 1186 (represented by same counsel); *James v. Raybon,* 2021 WL 4990497 (Reply in Support of Petition for a Writ of Certiorari filed by counsel on February 5, 2021). And AlaCourt, Alabama's online access to public trial court records, reflects that Plaintiff filed six Rule 32 proceedings in state court, with the last petition, CC-1995-004747.63, being filed June 8, 2021 and denied August 31, 2021.[3] Alacourt, https:// v2.alacourt.com/ (last visited Jan. 25, 2022). In the complaint, Plaintiff did not identify the appeal that he is pursuing concerning his capital conviction, although there appears to be appellate activity in state court, and he did not include information describing the basis for his appeal.

---

[2] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov*. *Grandinetti v. Clinton*, 2007 WL 1624817, at *1 (M.D. Ala. 2007).
[3] The Court takes judicial notice of AlaCourt. *Prince v. Mitchem*, 2012 WL 5873345, at *1 n.2 (N.D. Ala. 2012); *see Paez v. Sec'y, Fla. Dep't of Corr.,* 947 F.3d 649, 652 (11th Cir. 2020) (finding the district court could take notice of the state court docket sheets reflecting the plaintiff's first appearance through appellate courts' resolution of postconviction motions), *cert. denied,* 141 S.Ct. 309 (2020).

The right of access to the courts arises from several sources, including the First, Fifth, and Fourteenth Amendments. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12, 122 S.Ct. 2179, 2187 n.12, 153 L.Ed.2d 413 (2002). To state a § 1983 claim for denial of access to courts, an inmate must show that he has suffered an injury. *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996). "The injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010). The injury must be a "nonfrivolous legal claim had been frustrated or was being impeded" in his prosecution of his conviction through direct or collateral proceedings or of a civil rights action implicating a basic constitutional right. *Id.* at 353-54, 116 S.Ct. at 2181-82; *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998). The underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 416, 122 S.Ct. at 2187. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355, 116 S.Ct. at 2182.

Due to Plaintiff's failure to allege facts showing that he had a nonfrivolous appeal in his capital case, he has failed to state a claim upon which relief can be granted. Furthermore, because Plaintiff has had one federal review of his habeas claims and has filed six Rule 32 proceedings in state court, it is highly doubtful that he has a nonfrivolous appeal on which he was denied access to courts. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of

habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]"); ALA.R.CRIM.P. 32(b) ("Successive Petitions. If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule. The court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner."). Therefore, Plaintiff's claim for denial of access to courts is due to be dismissed without prejudice for failure to state a claim upon which relief can be granted.

### C. Defendant Dunn.

Plaintiff alleges that Defendant Dunn created "an atmosphere of constitutional infringement" when in April 2021, "defendants" felt secure in depriving Plaintiff of his property and hindering his access to courts. (Doc. 1, at 5). At the outset, the Court finds the pleading of this claim not to be plausible as it is vague. *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal). Moreover, because the Court has found that Plaintiff's claims for deprivation of property and denial of access to courts are due to be dismissed pursuant to § 1915, *supra*, an inquiry into "an atmosphere of constitutional infringement," presumably through into a custom or policy of Defendant Dunn, is not relevant. *Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir.), *cert. denied,* 522 U.S. 966 (1997); *cf. Kilgo v. Ricks*, 983 F.2d 189, 194 (11th Cir. 1993) (dismissing the claim against the commissioner as frivolous because there were no allegations of the

commissioner's participation or policy). Accordingly, Defendant Dunn is due to be dismissed from this action because the claim against him is frivolous.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that pursuant to 28 U.S.C. § 1915(e)(2)(B), prior to service of process, the deprivation of property claim against Defendant Raybon be dismissed with prejudice as frivolous, the claim against Defendant Dunn be dismissed with prejudice as frivolous, and the denial of access to courts claim against Defendant Raybon be dismissed for failure to state a claim upon which relief can be granted. It is further recommended that this action be dismissed in its entirety.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 28th day of January, 2022.

**s/ P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**